UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHEN EUGENE SABO, JR.,<br><br>                        Petitioner,<br>    v.<br><br>JAMES BENEDETTI, et al.,<br><br>                       Respondents. | Case No. 3:13-cv-00141-MMD-VPC<br><br>ORDER |

       Stephen E. Sabo, Jr., has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 2-1). He has paid the filing fee (dkt. no. 1), but has also filed a "short form" United States District Court application to proceed in *forma pauperis* (dkt. no. 2). This application does not conform with the requirements of Local Rules of Special Proceedings (LSR) Rule1-2, which require an inmate or institutionalized person to include a financial certificate signed by an authorized official attesting to the funds held in the inmate's accounts. Therefore, his motion shall be denied without prejudice. Because petitioner has already paid the filing fee, the matter may nonetheless proceed.

       The petition shall be served upon respondents. However, respondents will not be required to answer the petition at this time, because it appears the petition was submitted outside the applicable limitations period. The petition is likely subject to dismissal on that basis.

       The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. §

2244(d). The one-year time limitation runs from the date on which a petitioner's judgment becomes final by conclusion of direct review, or upon the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("time for seeking direct review" under 28 U.S.C. §2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition). Furthermore, a properly filed petition for state post-conviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

According to the habeas petition, petitioner was convicted on August 17, 2007. Petitioner's direct appeal became final on January 14, 2009. The time for filing for review by the United States Supreme Court expired some ninety (90) days later, on April 14, 2009. *Bowen,* 188 F.3d at 1159. The time period for filing a federal habeas petition was tolled until that date. Petitioner filed a state habeas corpus action on February 8, 2010, and review of that petition concluded on December 13, 2012. The time period between April 14, 2009, and February 8, 2010, or 301 days, was not tolled. The time period between filing the state petition and conclusion of review of the petition would be tolled. Petitioner does not note the date he submitted the instant petition to prison officials for mailing, but the petition was received by the Court on March 21, 2013, it was dated and signed that same date. This period of time between the final decision in his state court post-conviction state and the mailing of the petition (98 days) is not tolled. Thus, the total untolled period is 399 days. The petition was filed beyond the one-year time limitation.

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his rights and some extraordinary circumstance made it impossible to file a timely petition. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998);

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was filed within the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

IT IS THEREFORE ORDERED that the Clerk shall file and electronically serve a copy of the petition for writ of habeas corpus (and a copy of this order) upon respondents.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the entry of this Order to file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period.  If petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period, the Court will enter an order dismissing the petition.  Respondents shall be given twenty (20) days to file any response that they may have to petitioner's response to this order.  Thereafter, the matter will be taken for decision.

IT IS FURTHER ORDERED that the application to proceed in *forma pauper* (dkt no. 3) is DENIED without prejudice.

DATED THIS 17th day of July 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE