UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN EUGENE SABO, <br> Petitioner, <br> v. <br> GREG COX, *et al.*, <br> Respondents. | Case No. 3:13-cv-00141-MMD-VPC <br><br> ORDER |

This habeas matter currently is before the Court on a *sua sponte* inquiry as to whether the petition is subject to dismissal as time-barred. The prior show-cause order incorrectly indicated that: (a) petitioner's state petition tolled the federal limitation period without any further showing; and (b) petitioner, who was not in physical custody, was subject to the prison mailbox rule as to the filing date of the federal petition. *See* dkt. no. 5, at 2, lines 17-20. The better course would be to direct petitioner to show cause why the petition is not subject to dismissal in response to a correct statement of the relevant background by the Court. This order also directs respondents to confirm for the record the status of petitioner's sentence at the time of the filing of the federal petition.

I. **BACKGROUND**

Petitioner Stephen Eugene Sabo challenges his Nevada state conviction, pursuant to a jury verdict, of trafficking in a controlled substance. He was sentenced on August 17, 2007, to 48 to 120 months, with 190 days credit for time served. The judgment of conviction was filed the same date.

The Supreme Court of Nevada affirmed the conviction on direct appeal on January 14, 2009, and the remittitur issued on February 10, 2009. The time period to seek *certiorari* review in the United States Supreme Court expired on April 14, 2009.

On February 11, 2010, petitioner filed a *pro se* state post-conviction petition. After counsel was appointed and filed a supplemental petition, the State filed a motion to dismiss the petition as untimely on August 5, 2010. The state district court denied the motion, and the court thereafter denied the petition on the merits following an evidentiary hearing.

The Supreme Court of Nevada affirmed the denial of the petition instead on the ground that the petition was untimely. The court applied established state law that the one year state limitations period ran from the date the state supreme court clerk issued the remittitur rather than the date that the state district court clerk received the remittitur. The order of affirmance was filed on December 13, 2012, and the remittitur on the state post-conviction appeal issued on January 9, 2013.

Petitioner filed the federal petition on March 21, 2013. Petitioner's papers listed a downtown Reno street address as his current domicile at the time of the federal filing.

## II. TIMELINESS

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court has *sua sponte* raised the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

In the present case, the federal limitation period began running after the expiration of the time for seeking *certiorari* review, *i.e.*, after April 14, 2009. Absent tolling or delayed accrual, the limitation period would expire one year later, on April 14, 2010.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, an untimely state petition is not properly filed for

2

purposes of statutory tolling under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Petitioner's untimely state petition therefore did not statutorily toll the running of the federal limitation period in and of itself. The statement in the prior show-cause order that the "time period between the filing of the state petition and conclusion of review on the petition would be tolled" was not correct. The mere pendency of the untimely state petition did not statutorily toll the federal limitation period. If petitioner seeks tolling or delayed accrual between February 11, 2010, through January 9, 2013, he therefore must establish such tolling or delayed accrual on a basis other than the mere pendency of the state petition standing alone.

Accordingly, absent a demonstration by petitioner of other tolling or delayed accrual, the federal limitation period expired on April 14, 2010.

The federal petition was not filed until March 21, 2013, nearly three years after the federal limitation period had expired, absent other tolling or delayed accrual. The federal petition therefore is untimely on its face. Petitioner accordingly must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002) (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799

///

(9th Cir. 2003). Accord *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim of actual innocence, he must come forward with new reliable evidence that, in conjunction with the trial evidence, tends to establish his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013).

### III. CUSTODY

A petitioner no longer is in custody for purposes of federal habeas jurisdiction if his sentence fully expired prior to filing the federal petition. *See, e.g., Maleng v. Cook*, 490 U.S. 488 (1989). The Court will direct respondents to file a response directed to the limited issue of custody and jurisdiction, in the form of either a notice as to the status of his sentence at the relevant time or a motion to dismiss if warranted.

### IV. CONCLUSION

It is therefore ordered that, within thirty (30) days of entry of this order, petitioner shall show cause in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice. If petitioner responds but fails to show — with specific, detailed and competent evidence — that the petition is timely, the action will be dismissed with prejudice.[1]

It is further ordered that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions

---

[1]The Court defers consideration of any other possible deficiencies in the petition pending consideration of the issues addressed in this order.

of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact — including assertions of fact regarding alleged actual innocence that are not supported by competent evidence — will be disregarded.

It is further ordered that respondents may file a response to petitioner's show-cause response within fourteen (14) days of service of the response.

It is further ordered that, within thirty (30) days of entry of this order, respondents shall file a response limited to the issue of federal habeas jurisdiction with either: (a) a motion to dismiss for lack of jurisdiction, with a supporting declaration, if petitioner's sentence had fully expired prior to the March 21, 2013, actual filing date of this action, with petitioner not then being in physical custody for application of the prison mailbox rule to determine a different constructive filing date; or (b) a notice accompanied by a declaration by an appropriate state officer setting forth the relevant status of petitioner's sentence as of that date if it appears that the sentence was not all fully expired at that time. If respondents file a motion to dismiss, petitioner must respond to the motion within the normal time allowed under the local rules, *i.e.*, within fourteen (14) days of service of the motion.

No further response by respondents otherwise is required until further order of the Court, and no waiver of defenses will result from respondents providing limited responses pursuant to this order.

DATED THIS 14th day of July 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE