UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN EUGENE SABO, JR., | Case No. 3:13-cv-00141-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| JAMES BENEDETTI, et al., | |
| Respondents. | |

This habeas matter comes before the Court on respondents' motion to dismiss for lack of jurisdiction. (Dkt. no. 19.)

Petitioner has not opposed the motion within the time allowed under the local rules. In a July 14, 2014, order, the Court initiated a show-cause inquiry as to timeliness. The Court also directed service on the respondents for a response limited to the issue of whether petitioner was in custody for purposes of federal habeas jurisdiction. The order provided that if respondents filed a motion to dismiss, "petitioner must respond to the motion within the normal time allowed under the local rules, *i.e.*, within fourteen (14) days of service of the motion." (Dkt. no. 18, at 5, lines 18-20.) Respondents filed and served a motion to dismiss on July 16, 2014, and the time to respond to the motion under the local rules expired on August 4, 2014. Petitioner further was provided a notice under the *Klingele* decision, and the response time under the notice similarly has expired. Petitioner no longer is in physical custody, and the prison mailbox rule therefore does not apply to determine a constructive filing date in advance of the actual filing date of a paper.

Under Local Rule LR 7-2(d), the failure to timely respond to a motion constitutes a consent to the grant of the motion.

Further, following an independent review of the motion, it is evident that the Court lacks jurisdiction over the subject matter. The federal habeas statute gives district courts jurisdiction to entertain petitions challenging a judgment of conviction only for persons who are "in custody" under the conviction at the time that the petition is filed. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A petitioner no longer is "in custody" under a judgment of conviction for purposes of federal habeas jurisdiction where the sentence imposed by the judgment fully expired prior to the filing of the federal petition. *See, e.g., Maleng*, 490 U.S. at 492; *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). Petitioner's sentence fully expired on February 22, 2012, and he did not commence this action until March 21, 2013. The Court accordingly lacks jurisdiction over the subject matter.

It is therefore ordered that respondents' motion to dismiss is granted and that this action shall be dismissed without prejudice for lack of jurisdiction over the subject matter.

It is further ordered that the Clerk of Court shall enter final judgment accordingly.

DATED THIS 5th day of August 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE